This is an appeal from a judgment upon a submission under section 372 of the Code. The statement alleges that the plaintiff claims judgment for the specific performance by the defendant of a contract for the sale of real estate in Brooklyn. It then alleges that the plaintiff agreed to sell to the defendant certain premises, and had tendered a proper conveyance, and that defendant refused to accept the same on the ground that the premises were not free from incumbrance. It then alleges assessments levied and confirmed by the village and city of Williamsburgh in 1851 and 1852, the issuing and return of warrants thereon, and that no sale had ever taken place, and also alleges a sale of the premises for taxes, in 1847, for forty-five years, and in 1851 for 100 years, which were uncanceled, and that neither of the purchasers had ever entered into possession of the premises or exercised any control over the same. It then proceeds to propound the following interrogatories to the court:
1. Are the liens of the said assessments, imposed on said lands in 1851 and 1852, barred by the lapse of time?
2. Are the claims and liens of the said purchasers of said premises, under the tax sales aforesaid, barred by the lapse of time?
3. Are the proceedings on the part of said purchasers to obtain possession of said premises, under said sales, or otherwise to enforce their claims thereunder, barred by the statute of limitations?
4. Are the said assessments or said sales, or any or either of them, valid liens or incumbrances on said premises, which the said purchaser is entitled to have discharged before performing said contract?
The statement then provides that if the court answers the last question in the affirmative, judgment is to be entered *Page 193 
that the plaintiff pay and satisfy the said liens on payment of the purchase-money; if in the negative, the judgment is to be that the defendant perform his contract by paying the purchase-money.
It will be observed that the parties interested in maintaining the liens are not before the court, and our opinion upon the questions put would not be binding upon them. They are not here to be heard, and of course cannot be foreclosed; and the parties to this action have avoided, whether intentionally or not is not material, asking the court to decide the only point involved in the controversy between them, viz., whether, upon the facts stated, it is proper to render a judgment for a specific performance against the defendant. They desire the court to answer certain questions in which other parties are interested, the answers to which do not necessarily determine whether judgment for specific performance should be rendered or not. In other words, they do not submit the facts to the court for its judgment, but they agree on the judgment themselves, after the answers of the court are made. The court might be of the opinion that the alleged liens were barred and invalid, and yet that they were such a cloud upon the title as that, under well settled principles, specific performance would not be adjudged. I do not think this submission is within the purview of the Code. Section 372 provides that parties may agree upon a case containing the facts upon which the controversy depends, and "the court shall hear and determine the case at a General Term, and renderjudgment thereon as if an action were depending." The facts are to be stated, and the court is to render judgment thereon. Here the court is to answer certain questions of law, and, instead of rendering judgment on the facts, the parties agree to their own judgment. Every interrogatory requires the court to adjudge that the liens are valid, in order to relieve the defendant from the performance of his contract; and then he is not relieved if the plaintiff discharges them; while the court might regard them as invalid and yet refuse to decree a performance of the contract. By *Page 194 
this submission the court is precluded from rendering judgment on the facts, as the Code requires. It cannot be that the Code requires the court to answer a series of legal interrogatories not decisive of the proper judgment to be rendered on the facts; and the effect of which is to foreclose the rights of other parties who cannot be heard, even though it may lead to a settlement of a particular controversy. The language of the Code only requires the court to render judgment on the facts, and we do not think this submission is embraced within it. The statement commences by alleging that the plaintiff claims judgment for a specific performance of a contract, and ends by preventing the court from adjudicating that question.
The judgment must be reversed, and proceedings dismissed.
All concur.
Judgment reversed, and ordered accordingly.