Boardman, J.
This is a controversy submitted without action under sections 1279, etc., of the Code of Civil Procedure.
The plaintiffs, as executors, do not seem to have anything to do with the controversy, but it is alleged that Ophelia Baumgrass (executrix and plaintiff) individually has a question in controversy with the defendant. Her claim seems to us the only one embraced in this submission.
The controversy arises on the following facts : William Baumgrass died July 4, 1885, at Syracuse, N. Y., leaving the said Ophelia Baumgrass his widow and eight children. He left a will, in and by which he gave and bequeathed to Ophelia Baumgrass all his real and personal property, “ to-be by her owned and enjoyed the same as if I (the testator) had never owned it, during her life time; after her death, whatever may be left, is to be divided among my eight children in eight equal parts,” naming the children and appointing the- plaintiffs his executors, but no power is given them to sell real estate. The will was duly admitted to probate. In October, 1886, Ophelia Baumgrass made a contract with the defendant to sell to her for $4,500 a house and lot, of which the testator died seized and possessed. A small portion of the purchase price has been paid. Ophelia believes she has title to and a right of disposition of the house and lot, but the defendant entertains doubts as to her title and refuses to complete the contract and accept her conveyance, on the ground that said Ophelia has only a life estate in such land.
The question so presented cannot be determined in favor of Ophelia, without at the same time holding and deciding that the eight children of the testator have no title to or interest in such real estate. Before that can be done, the-children must be made parties to the action or submission. They have a right to be heard upon that question, and a-judgment in a proceeding to which they were not made parties would not bind them. For this reason this submission cannot be sustained. The necessary parties to the controversy are not before the court. Wood v. Squires (60 N. Y., 191), Trustees of Hobart College v. Fitzhugh (27 id., 130), especially at bottom of page 133, ei seq.; Wavle v. Tuttle (11 N. Y. W. Dig., 186, 3d Dep’t)
If the heirs are all of full age and willing to unite in a submission,, a proper submission might be executed. Whether they are all of full age does not appear. If any of them are minors no submission .can be made. Fisher v. Stilsou, 9 Abb. Pr. Rep., 33.
The submission must be dismissed, without costs to either parfcy.
Hardin and Follett, JJ., concur.