(161 App., Div. 871)

### DES CASO et al. v. STILES et al.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

1. SUBMISSION OF CONTROVERSY (§ 19*)—DISMISSAL.

Upon a submission of a controversy on agreed facts, the court will not pronounce judgment, if there are other persons not parties whose rights will be necessarily affected.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. § 21; Dec. Dig. § 19.*]

2. SUBMISSION OF CONTROVERSY (§ 16*)—PROCEEDINGS—DISMISSAL.

A testator devised his real property to his wife for life, giving his executors power to sell with her consent and invest the proceeds and pay over the income to her for life. The will further provided that, upon the death of the testator's wife, his real property should be sold and the proceeds divided among three named persons. During the life of the wife, the property was conveyed by the executors, but she did not express her consent in accordance with the statutes then in force, though she did execute to the purchaser a separate instrument releasing her dower. The purchaser conveyed the property to her, and she sold it to defendants with covenants of warranty. After the death of the widow, the surviving executor of the testator made another conveyance to the original purchaser, who was then dead, and his executors tendered a second deed to defendants. *Held*, that as the remaindermen entitled to the proceeds of the land might by agreement take the land itself and not the proceeds, and as defendants claimed that the second deed by the surviving executor was merely to cure any defects in the original conveyance and not an actual conveyance, a controversy between defendants and the administratrices of the widow relating to the foreclosure of a mortgage given by defendants on the property and further assurances for title will be dismissed, where the remaindermen were not made parties.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. §§ 16–18; Dec. Dig. § 16.*]

Submission of controversy between Mary Estelle Des Caso and another, as administratrices, etc., of Cecilia A. Purdy, deceased, against John W. Stiles and another. Proceedings dismissed without prejudice.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

George V. Grainger, of New York City, for plaintiffs.
Edwin D. Webb, of New York City, for defendants.

BURR, J. [1] The general rule is that upon a submission of a controversy upon agreed facts the court will not pronounce judgment if it affirmatively appears that there are persons not parties to the submission whose rights will be necessarily affected by such judgment. Wood v. Squires, 60 N. Y. 191; Dickinson v. Dickey, 76 N. Y. 602; Kennedy v. Mayor, 79 N. Y. 361; Hanrahan v. Terminal Station Commission, 206 N. Y. 494, 502–504, 100 N. E. 414; Doyle v. Olson Realty Co., 132 App. Div. 200, 206, 116 N. Y. Supp. 834.

[2] The real property described in the submission here made belonged to John Given in his lifetime, and was situated on Oak street in the borough of Brooklyn. He died prior to January 1, 1890. By his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

will he gave to his wife, Cecilia A. Given, all his real estate during her natural life, and further provided that:

"At any time before the decease of my said wife my executors may, with the consent of my said wife, sell and dispose of the whole or any part of my real estate. And in case of such sale, my said executors shall securely invest the proceeds thereof and keep the same invested and pay over the interest and income arising therefrom to my said wife during her natural life."

This will further provides:

"Fifth. Upon the decease of my said wife my said executors shall sell and dispose of all my real estate then remaining unsold and the proceeds thereof, together with the proceeds of the sales (if any) of my real estate during the lifetime of my said wife, my said executors shall divide into three equal parts or shares which they shall pay over (and I hereby give and bequeath the same) as follows: To my brother James Given one of said equal third parts or shares. To my sister Mary Given one of said equal third parts or shares; and to my sister Grace Kiney the remaining one of said equal third parts or shares. And in case my said brother or either of my said sisters shall not be living at the time of the decease of my said wife, the children of such deceased brother or sister shall take the same share of my estate which their deceased parent would have taken, if living."

On January 9, 1890, John Given's executors executed and delivered a deed of said premises to one John F. Des Caso. Cecilia Given, his widow, was then living. The statute regulating the manner of execution of her consent was at that time as follows:

"When the consent of a third person to the execution of a power is requisite, such consent shall be expressed in the instrument by which the power is executed, or shall be certified in writing thereon. In the first case, the instrument of execution, in the second, the certificate, shall be signed by the party whose consent is required; and to entitle the instrument to be recorded, such signature must be duly proved or acknowledged, in the same manner as if subscribed to a conveyance of lands." Revised Statutes, pt. 2, c. 1, tit. 2, art. 3, § 122.

Substantially similar provisions were subsequently enacted in the Real Property Law of 1896 (General Laws, c. 46 [Laws of 1896, c. 547] § 153), and with slight changes in phraseology they now appear in the present Real Property Law (Consolidated Laws, c. 50 [Laws of 1909, c. 52] § 173). No consent of Cecilia Given was expressed in said deed, nor in any written certificate indorsed thereon. On the same day, however, she executed and delivered to the said John F. Des Caso a separate instrument, which is in form a release of her dower in the premises. Subsequently Des Caso conveyed the same to her, and thereafter, she, having married a second time, under the name of Cecilia A. Purdy conveyed said premises to the defendants here named, by a deed containing full covenants and a warranty, and said defendants gave back to her a mortgage for part of the purchase money. Plaintiffs, who are the administrators of Cecilia A. Purdy, ask judgment upon this submission that it be decreed that by the conveyances above set forth defendants acquired a good and marketable title to said premises, and that they have the usual judgment of foreclosure of said mortgage and sale of the premises therein described. Defendants ask that, under the covenants for further assurances contained in the deed from Cecilia A. Purdy to them, plaintiffs be compelled to procure additional deeds from James Given, Mary Given, and Grace Kiney, or

their heirs, and from the heirs of said John Given. In the absence of the devisees in remainder of John Given or their representatives, we do not think that we are justified in passing upon the validity of the conveyance in 1890 by his executors, to which conveyance his wife did not give her consent in the precise manner required by the statute. If such conveyance was invalid, then, although the power to be executed after her death was mandatory in form, the title to the property subject to the execution thereof and until it was executed vested in the remaindermen, and, if all of them elected so to do, they might take title to the property itself instead of to the proceeds of the sale thereof, and thus destroy this power of sale. Hetzel v. Barber, 69 N. Y. 1; Trask v. Sturges, 170 N. Y. 482, 63 N. E. 534; McDonald v. O'Hara, 144 N. Y. 566, 39 N. E. 642; Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925. These devisees·are not parties to this controversy; and, except for the statement contained in the submission that the defendants since the conveyance to them in 1907 have remained in peaceable and undisturbed possession thereof, there is nothing to indicate what the attitude of such devisees in remainder may be.

There is a further statement in the submission that, subsequently to the death of Cecilia A. Purdy, the then surviving executor of John Given executed another deed to John F. Des Caso, and that the executors of Des Caso's will, claiming to act under a power therein contained, have tendered to defendants a deed of said premises upon condition that they pay the amount due upon said mortgage. Defendants contend that they are chargeable with notice that the second deed to Des Caso was not in execution of any power contained in the will of John Given, that it did not really represent a sale of the property, but was in fact a deed without consideration, and given in an attempt to cure a possible defect in said title. In view of the fact that the parties do not agree as to the circumstances attending the execution of this latter deed, or rather as to the inferences to be drawn from the transaction, we cannot pass upon its sufficiency or effect.

We think therefore that our decision should be that these proceedings be dismissed, without costs, and without prejudice to any action that may be brought by either of the parties to this controversy, to which all persons claiming or who might claim any interest in the property shall be made parties, to determine their respective claims respecting the same. All concur.