THE PEOPLE, PLAINTIFF AND APPELLEE, v. DÁVILA, DEFENDANT
APPELLANT.

APPEAL from he District Court of San Juan, Section 2, in a
Prosecution for Aggravated Assault and Battery.

No. 858.—Decided December 24, 1915.

ASSAULT AND BATTERY—DEADLY WEAPON.—Assault and battery with the butt of
a revolver is not in itself assault and battery with a deadly weapon within
the meaning of subdivision 8 of section 6 of the Act of March 10, 1904,
for whether a weapon is a deadly weapon or not depends upon how it is used.
DEADLY WEAPON.—A deadly weapon may be defined as any instrument which
causes death or grave bodily injury when used in the ordinary and usual
manner contemplated by its design and construction.

The facts are stated in the opinion.

*Mr. Pedro Santana, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Quintín Dávila was pronounced guilty of assault and bat-
tery with aggravated circumstances under a complaint that
merely charged an assault and battery with the butt-end
of a revolver, and the complaint contained no other aver-
ment which brought the case under any of the ten special
instances of aggravation enumerated in the Act of March
10, 1904. He appeals from the judgment of fifty dollars
rendered against him and the appeal involves the sufficiency
of the complaint and likewise the sufficiency of the proof.

The blow in this case was struck with the butt-end of
a revolver. The only provision of law applicable to this com-
plaint which could enlarge the prisoner's crime from a sim-
ple assault and battery is contained in No. 8 of section 6
of the said Act of March 10, 1904; or, in other words, when
the battery is committed with a deadly weapon under cir-
cumstances not amounting to an intent to kill or maim. The
*fiscal* concedes that no assault and battery with aggravated
circumstances was shown, inasmuch as a battery with the
butt-end of a revolver is not in itself an assault with a dan-

gerous weapon, and the reported jurisprudence supports him. A dangerous or deadly weapon may be defined to be any instrument which will cause death or great bodily injury when used in the ordinary and usual manner contemplated by its design and construction. 2 R. C. L., Assault and Battery, sec. 25. In *Filkins* v. *People,* 60 N. Y. 191; 25 A. R. 143, it was held that a blow with the handle of a pitchfork used like a club was not an assault with a sharp, dangerous weapon within the statute against assaults with dangerous weapons. Mr. Chief Justice Roberts, in the case of *Skidmore* v. *State,* 43 Texas 96, 97, pointed out that a pistol used to strike with is nothing more than a piece of iron of the same size, weight and shape, and the case is cited ·with approval in *Jenkins* v. *State,* 30 Texas Court of Appeals, 380.

In *Acers* v. *United States,* 164 U. S. 391, the court holds that a weapon is a deadly one dependent upon its use, and cites the case of *Jenkins* v. *State, supra.* Under these decisions a pistol used like a piece of iron is not necessarily a deadly weapon unless from its size it becomes so, and in this case there is nothing to show that the weapon was a deadly one from its size or that it was used in the manner of a deadly weapon; in other words, with deadly violence. Therefore, we think that there was no proof of an aggravated assault and battery.

On the other hand, although the proof is conflicting, there was evidence tending to show that the defendant assaulted the prosecuting witness with the butt-end of a pistol, causing wounds and bleeding in the manner recited in the complaint. Hence, the court was justified in imposing the maximum sentence of fifty dollars and we see no reason to modify the judgment in any other regard than to strike out therefrom the words, "with aggravated circumstances." In its effects the case came near falling under No. 1 of the law in almost causing grave injuries.

The judgment must be

*Modified.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.