RICHARD G. BOEHM et al., Plaintiffs, v KEVIN M. DILLON, as Erie County District Attorney, Defendant. [600 NYS2d 543] —Submission unanimously dismissed without costs. Memorandum: Each of the plaintiffs has been designated by the Erie County District Attorney to prosecute, in a designated town in Erie County, traffic violations (not including misdemeanors), violations of the town ordinances, and

violations of the Penal Law (not including felonies or misdemeanors). In the case of *People v Cooper* (156 Misc 2d 483), County Court vacated Cooper's conviction on the ground that counsel's representation of Cooper at the same time he was employed as a part-time special prosecutor constituted a conflict of interest. As a result of the *Cooper* decision, the District Attorney informed plaintiffs that he had "no alternative but to revoke any approval of your designation as * * * Town Prosecutor if you or any member of your firm presently represents any criminal defendant in this State." Thereafter, plaintiffs and defendant, the Erie County District Attorney, submitted this "controversy" on stipulated facts *(see,* CPLR 3222) asking us to decide "whether an attorney performing prosecutorial functions part-time for a Town or Village has a conflict of interest if the attorney or member of the attorney's firm also represents criminal defendants in other matters pending in a superior criminal court or in Town or Village Courts other than the courts where he has been authorized to perform prosecutorial functions."

The submission must be dismissed. An action may be brought in the Appellate Division on submitted facts only where there is a real controversy between the parties *(see,* CPLR 3222). An examination of the stipulation of facts and of the briefs makes it evident that all parties seek the same relief and, accordingly, there is no real controversy as required by CPLR 3222 *(see, Matter of Hanover Bank v Cole,* 7 AD2d 713; *Johnson v Flynn,* 248 App Div 649, 650; *see also, 167 Greenwich Realty Co. v Kehoe,* 3 AD2d 659, *rearg denied* 3 AD2d 709). In their briefs, plaintiffs and defendant make the same argument: that no conflict of interest exists when plaintiffs represent criminal defendants in courts other than the courts in which they are authorized to prosecute. Moreover, the parties ask us for a declaration that will affect persons not parties to this action *(see, Wood v Squires,* 60 NY 191, 193; *Johnson v Flynn, supra,* at 650; 9A Carmody-Wait 2d, NY Prac § 69:21). (Submission of Controversy.) Present—Pine, J. P., Balio, Doerr, Boomer and Davis, JJ.