LOLITA M. SGROMO et al., Respondents, v ST. JOSEPH's HOSPITAL HEALTH CENTER et al., Defendants, and CNY OBSTETRICS AND GYNECOLOGY, P. C., et al., Appellants. (Appeal No. 1.) [666 NYS2d 89] —Order unanimously affirmed with costs. Memorandum: Supreme Court did not abuse its discretion in

denying the motion of defendants CNY Obstetrics and Gynecology, P. C. (CNY Obstetrics), John O. Rosser, M.D., and David Caiseda, M.D., and the cross motion of defendant Franklin Johnson, M.D., to disqualify John A. DeFrancisco, Esq., and Harris Beach and Wilcox, LLP (Harris Beach) from representing plaintiffs in this medical malpractice action. Defendant doctors were at one time stockholders and members of CNY Obstetrics. To prevail, movants were required to demonstrate the existence of a prior attorney-client relationship with plaintiffs' counsel, that the interests of plaintiffs and movants are materially adverse and that the matters involved in both representations are substantially related (*see, Tekni-Plex v Meyner & Landis*, 89 NY2d 123, 131, *rearg denied* 89 NY2d 917; *Solow v Grace & Co.*, 83 NY2d 303, 308). To meet the latter requirement, movants had to establish that the issues in the present litigation are identical to or essentially the same as those in the prior representation or that Harris Beach received specific, confidential information substantially related to the present litigation (*see, Lightning Park v Wise Lerman & Katz,* 197 AD2d 52, 55). Movants failed to establish a substantial relationship between the general corporate and personnel matters addressed with attorneys in Harris Beach's Rochester office, or the patient care issues noted in Rosser's confidential affidavit, and the instant case. Their conclusory allegations are not sufficient to deprive plaintiffs of their choice of counsel (*cf., Hunkins v Lake Placid Vacation Corp.*, 120 AD2d 199, 202). That is particularly so in the instant case, in which Lolita Murti Sgromo (plaintiff) is suffering from cancer and alleges that movants failed to diagnose and treat her disease properly despite the fact that a breast lump was discovered while she was under their care. It would be an extreme hardship to require plaintiff to start over with new counsel at this stage of her illness. Under the circumstances, we decline to disturb the court's exercise of discretion (*see, Rich v Hackel*, 205 AD2d 316, 317; *Stuart v WMHT Educ. Telecommunications,* 195 AD2d 918, 919; *see also, Tekni-Plex v Meyner & Landis, supra,* at 132). (Appeals from Order of Supreme Court, Onondaga County, Mordue, J.—Disqualify Law Firm.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.