WILLIAM GUSTAFSON, as Administrator D.B.N. of the Estate of BRUCE G. GUSTAFSON, Deceased, Respondent, v PAUL C. DIPPERT, D.O., et al., Defendants, and ANDREW J. STANSBERRY, R.P.A., Appellant. (Appeal No. 1.) [891 NYS2d 842]—

Memorandum: In appeal No. 1, defendant Andrew J. Stansberry, R.P.A. appeals from an order denying his cross motion to disqualify the law firm of Lipsitz Green Scime Cambria LLP (Lipsitz Green) from representing plaintiff in this medical malpractice action based upon an alleged conflict of interest. We affirm. Stansberry "failed to meet [his] burden of making 'a clear showing that disqualification [was] warranted' " (*Lake v Kaleida Health*, 60 AD3d 1469, 1470 [2009]). In support of his contention that he is a current client of Lipsitz Green, Stansberry alleged in a conclusory manner that he was represented by Lipsitz Green for "many years." In addition, he submitted evidence establishing that an attorney from Lipsitz Green represented him in a family court matter in 1998 and that he made a single telephone call to that attorney in late 2007 or early 2008. Such slim evidence and "generalized allegations . . . are insufficient to justify disqualification" (*Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 638 [1998]). Although Stansberry established that he was in fact a former client of Lipsitz Green, he failed "to establish that the issues in the present litigation are identical to or essentially the same as those in the prior representation or that [Lipsitz Green] received specific, confidential information substantially related to the present litigation" (*Sgromo v St. Joseph's Hosp. Health Ctr.*, 245 AD2d 1096, 1097 [1997]). In any event, Stansberry knew or should have known of the facts underlying the alleged conflict of interest approximately four years before he made his cross motion, and " 'to allow disqualification at this advanced stage of [the] litigation would severely prejudice [plaintiff]' " (*Lake*, 60 AD3d at 1470).

Contrary to Stansberry's further contention, Supreme Court properly refused to conduct a hearing on the cross motion inasmuch as "mere conclusory assertions that there is a conflict of interest are insufficient to warrant a hearing" (*Olmoz v Town of Fishkill*, 258 AD2d 447, 448 [1999]). The court also properly refused to consider an ex parte affidavit submitted by Stansberry for in camera review (*see generally Jamaica Pub. Serv. Co.*, 92 NY2d at 637-638). We note that, although a party may rebut the presumption that an entire firm must be disqualified based on a single attorney's possession of confidential client informa-

tion (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 617 [1999]), such rebuttal is impossible if the party was not permitted access to the evidence of the alleged conflict of interest.

With respect to the order in appeal No. 2, Stansberry and Jeffrey P. Steinig, M.D. (collectively, defendants) have not addressed any issues concerning that order in their brief on appeal. Thus, we deem any such issues abandoned (*see Matter of Ronnie P.*, 63 AD3d 1527 [2009]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Finally, with respect to the order in appeal No. 3, defendants contend that the court, in settling the record on appeal in appeal Nos. 1 and 2, erred in excluding Stansberry's ex parte affidavit. We reject that contention. The court did not read the affidavit before it ruled on Stansberry's cross motion to disqualify Lipsitz Green, and thus the affidavit was not a document "upon which the . . . order [in appeal No. 1] was founded" (CPLR 5526; *see also* 22 NYCRR 1000.4 [a] [2]). Also contrary to defendants' contention in appeal No. 3, the 1998 retainer agreement between Stansberry and Lipsitz Green was properly included in the record on appeal because it is undisputed that the retainer agreement was accurately described for the court during an oral argument for which no stenographic record was made and the order denying Stansberry's cross motion lists the retainer agreement as one of the documents considered by the court in deciding the cross motion (*see* CPLR 5526; *see also* 22 NYCRR 1000.4 [a] [2]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.