tion (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 617 [1999]), such rebuttal is impossible if the party was not permitted access to the evidence of the alleged conflict of interest.

With respect to the order in appeal No. 2, Stansberry and Jeffrey P. Steinig, M.D. (collectively, defendants) have not addressed any issues concerning that order in their brief on appeal. Thus, we deem any such issues abandoned (*see Matter of Ronnie P.*, 63 AD3d 1527 [2009]; *Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Finally, with respect to the order in appeal No. 3, defendants contend that the court, in settling the record on appeal in appeal Nos. 1 and 2, erred in excluding Stansberry's ex parte affidavit. We reject that contention. The court did not read the affidavit before it ruled on Stansberry's cross motion to disqualify Lipsitz Green, and thus the affidavit was not a document "upon which the . . . order [in appeal No. 1] was founded" (CPLR 5526; *see also* 22 NYCRR 1000.4 [a] [2]). Also contrary to defendants' contention in appeal No. 3, the 1998 retainer agreement between Stansberry and Lipsitz Green was properly included in the record on appeal because it is undisputed that the retainer agreement was accurately described for the court during an oral argument for which no stenographic record was made and the order denying Stansberry's cross motion lists the retainer agreement as one of the documents considered by the court in deciding the cross motion (*see* CPLR 5526; *see also* 22 NYCRR 1000.4 [a] [2]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.

■ WILLIAM GUSTAFSON, as Administrator D.B.N. of the Estate of BRUCE G. GUSTAFSON, Deceased, Respondent, v PAUL C. DIPPERT, D.O., et al., Defendants, and ANDREW J. STANSBERRY, R.P.A., et al., Appellants. (Appeal No. 3.) [890 NYS2d 880]—

Same memorandum as in *Gustafson v Dippert* (68 AD3d 1678 [2009]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.

■ WILLIAM GUSTAFSON, as Administrator D.B.N. of the Estate of BRUCE G. GUSTAFSON, Deceased, Respondent, v PAUL C. DIPPERT, D.O., et al., Defendants, and ANDREW J. STANSBERRY, R.P.A., et al., Appellants. (Appeal No. 2.) [890 NYS2d 880]—■

Same memorandum as in *Gustafson v Dippert* (68 AD3d 1678 [2009]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.

JOHN O'DONNELL, Appellant, v ROBERT FERGUSON, Individually and as Chief of Police of Town of Evans, et al., Respondents. [891 NYS2d 844]—

Memorandum: Plaintiff, a former police officer employed by the Town of Evans, commenced this action alleging that his employment was terminated in violation of his constitutional rights of free speech and due process, and in violation of Labor Law § 201-d. On a prior appeal, we dismissed the petition in a related CPLR article 78 proceeding upon our determination that plaintiff, the petitioner therein, was a special police officer pursuant to Town Law § 158, and not a part-time police officer entitled to the protections afforded by Town Law § 155 (*Matter of O'Donnell v Ferguson*, 273 AD2d 905 [2000], *lv denied* 96 NY2d 701 [2001]). Plaintiff thereafter commenced this action and, on a prior appeal, we determined that Supreme Court erred in granting defendants' motion for summary judgment dismissing the amended complaint (*O'Donnell v Ferguson*, 23 AD3d 1005 [2005]). Prior to the commencement of trial, the parties appeared before the court for "oral argument," whereupon plaintiff moved, inter alia, for permission to present evidence that he had been employed as a part-time police officer at the time of his termination, based upon new evidence that he discovered after our prior determination that he was a special