Greater Buffalo Acc. & Injury Chiropractic, P.C. v Geico Cas. Co. (2019 NY Slip Op 06349)





Greater Buffalo Acc. & Injury Chiropractic, P.C. v Geico Cas. Co.


2019 NY Slip Op 06349


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


730 CA 18-01971

[*1]GREATER BUFFALO ACCIDENT & INJURY CHIROPRACTIC, P.C., PLAINTIFF-RESPONDENT,
v
GEICO CASUALTY COMPANY, DEFENDANT-APPELLANT. 






RIVKIN RADLER LLP, UNIONDALE (J'NAIA L. BOYD OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE MORRIS LAW FIRM, P.C., BUFFALO (DANIEL K. MORRIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 28, 2018. The order, insofar as appealed from, denied in part defendant's motion to dismiss the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.
Memorandum: Plaintiff, as the assignee of certain claims for no-fault benefits, commenced this action asserting a single cause of action for prima facie tort and seeking, inter alia, punitive damages. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and Supreme Court granted the motion with respect to the claim for punitive damages but otherwise denied the motion. Defendant appeals from the order to the extent that it denied the motion in part, and we reverse the order insofar as appealed from.
Defendant contends that the court erred in denying its motion in part because plaintiff's prima facie tort cause of action, which, in essence, alleges that defendant engaged in conduct violating 11 NYCRR 65-3.2, is really a cause of action under the unfair claim settlement practices statute, i.e., Insurance Law § 2601, or the corresponding regulations (11 NYCRR 216.0 et seq.), none of which, according to defendant, give rise to a private cause of action. Defendant also contends that plaintiff failed to state a cause of action for prima facie tort because the complaint did not allege particular facts or special damages.
We agree with defendant that the complaint failed to state a cause of action for prima facie tort. "Prima facie tort affords a remedy for the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful" (Freihofer v Hearst Corp., 65 NY2d 135, 142 [1985] [internal quotation marks omitted]; see ATI, Inc. v Ruder & Finn, 42 NY2d 454, 458 [1977]). "The requisite elements of a cause of action for prima facie tort are (1) intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" (Freihofer, 65 NY2d at 142-143).
Here, the prima facie tort cause of action cannot stand because, although the complaint alleged that defendant "acted maliciously" and "with disinterested malice," it did not allege that defendant's "sole motivation was disinterested malevolence' " (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]). In addition, the complaint failed to allege special damages as required (see Freihofer, 65 NY2d at 143; Mancuso v Allergy Assoc. of Rochester, 70 AD3d 1499, 1501 [4th Dept 2010]). Finally, the complaint is not "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR [*2]3013; see generally Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 31 NY3d 1090, 1091 [2018]). "[A] cause of action cannot be predicated solely on mere conclusory statements . . . unsupported by factual allegations" (Sager v City of Buffalo, 151 AD3d 1908, 1910 [4th Dept 2017] [internal quotation marks omitted]). Here, the complaint is devoid of relevant facts, including the time period at issue, the number of forms that defendant requested plaintiff to resubmit, and the number of claims involved.
It appears from the order that the court did not rely on the affidavit of William Owens, D.C. before it ruled on defendant's motion, inasmuch as the affidavit is not among the papers recited in the order as "used on the motion" (CPLR 2219 [a]). The affidavit was not included among the documents originally submitted by plaintiff in opposition to defendant's motion and was only filed with the court the day before the order was entered and, therefore, was not a document "upon which the . . . order was founded" (CPLR 5526; see Gustafson v Dippert, 68 AD3d 1678, 1680 [4th Dept 2009]). " [A]ppellate review is limited to the record made at the nisi prius court and, absent matters [that] may be judicially noticed, new facts may not be injected at the appellate level' " (Tuchrello v Tuchrello, 233 AD2d 917, 918 [4th Dept 1996]; see Block v Magee, 146 AD2d 730, 732 [2d Dept 1989]). Thus, the Owens affidavit is not properly before this Court.
In light of our determination, defendant's remaining contention is academic.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court