Benevolent & Protective Order of Elks of United States of Am. v Creative Comfort Sys., Inc. (2019 NY Slip Op 06246)





Benevolent & Protective Order of Elks of United States of Am. v Creative Comfort Sys., Inc.


2019 NY Slip Op 06246


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


308 CA 18-01773

[*1]BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA AND NORTH TONAWANDA LODGE NUMBER 860 OF BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA, INC., PLAINTIFFS-RESPONDENTS,
v
CREATIVE COMFORT SYSTEMS, INC., AND REIMER HEATING AND AIR CONDITIONING, INC., DEFENDANTS-APPELLANTS. (ACTION NO. 1.)
LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA AND NORTH TONAWANDA LODGE NUMBER 860 OF BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA, INC., AND ALL OTHER NAMED INSUREDS UNDER POLICY #12944761, PLAINTIFFS-RESPONDENTS,
v
CREATIVE COMFORT SYSTEMS, INC., AND REIMER HEATING AND AIR CONDITIONING, INC., DEFENDANTS-APPELLANTS. (ACTION NO. 2.) 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARCO CERCONE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WEBSTER SZANYI LLP, BUFFALO (ANDREW O. MILLER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 10, 2018. The order, insofar as appealed from, granted that part of the motion of plaintiffs in action No. 1 seeking to disqualify Rupp Baase Pfalzgraf Cunningham, LLC, from representing defendants. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, and that part of the motion seeking disqualification of Rupp Baase Pfalzgraf Cunningham, LLC is denied.
Memorandum: Defendants appeal from an order that, inter alia, granted the motion of plaintiffs in action No. 1 (plaintiffs) insofar as it sought to disqualify Rupp Baase Pfalzgraf Cunningham, LLC (Rupp Baase) from representing defendants in the instant matter. This action stems from a fire on plaintiffs' property, which was allegedly caused by defendants' improper installation of a boiler. Nearly three years after commencing the action, plaintiffs learned that defendants intended to substitute their counsel and retain Rupp Baase. Plaintiffs thereafter moved to, among other things, disqualify Rupp Baase from representing defendants based on an alleged attorney-client relationship between Rupp Baase and a trustee (Trustee) of North Tonawanda Lodge Number 860 of the Benevolent and Protective Order of Elks of the United [*2]States of America, Inc. (Lodge), a plaintiff in action No. 1. In support of their motion, plaintiffs alleged that Rupp Baase represented the Trustee in connection with business transactions that were unrelated to the Lodge, as well as in connection with the Trustee's personal estate planning. As limited by their brief, defendants contend on appeal that Supreme Court erred in granting plaintiffs' motion to the extent that it sought to disqualify Rupp Baase. We reverse the order insofar as appealed from.
As an initial matter, defendants failed to preserve their contention that plaintiffs lacked standing to seek disqualification of Rupp Baase, and thus the issue is not properly before us (see Van Damme v Gelber, 79 AD3d 534, 535 [1st Dept 2010], lv denied 16 NY3d 708 [2011], rearg denied 17 NY3d 757 [2011]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We agree with defendants, however, that plaintiffs failed to meet their initial burden with respect to the motion insofar as it sought disqualification based on the existence of a prior attorney-client relationship (see Sgromo v St. Joseph's Hosp. Health Ctr., 245 AD2d 1096, 1097 [4th Dept 1997]; see generally Dietrich v Dietrich, 136 AD3d 461, 462 [1st Dept 2016]). In order to meet that burden, plaintiffs were required to establish "the existence of a prior attorney-client relationship . . . , that the interests of [defendants] and [the Trustee] are materially adverse and that the matters involved in both representations are substantially related" (Sgromo, 245 AD2d at 1097; see Matter of Peters, 124 AD3d 1266, 1267 [4th Dept 2015]). To meet the third requirement, plaintiffs "had to establish that the issues in the present litigation are identical to or essentially the same as those in the prior representation or that [Rupp Baase] received specific, confidential information substantially related to the present litigation" (Sgromo, 245 AD2d at 1097). Even assuming, arguendo, that a prior attorney-client relationship existed between Rupp Baase and the Trustee, we conclude that plaintiffs failed to establish that the interests of defendants in this action are materially adverse to the interests of the Trustee individually, who is not a named party and is merely a trustee of the Lodge. Plaintiffs likewise failed to establish that any alleged prior representation involved issues that were "identical to or essentially the same" as those in the instant lawsuit (id.). Although the Trustee asserts that he told Rupp Baase during their alleged representation of him that a fire had occurred on plaintiffs' property due to defendants' boiler installation, a claim that Rupp Baase disputes, we conclude that, even if the Trustee provided that information, it was not "specific [and] confidential" and thus does not warrant disqualification (id.; see Matter of Colello [appeal No. 3], 167 AD3d 1445, 1448 [4th Dept 2018]; Gustafson v Dippert, 68 AD3d 1678, 1679 [4th Dept 2009]). Because plaintiffs failed to establish that the Trustee's interests are materially adverse to defendants' in this lawsuit and that this lawsuit is substantially related to the alleged prior representation, the court abused its discretion in granting that part of plaintiffs' motion seeking disqualification of Rupp Baase (cf. Colello, 167 AD3d at 1448; see generally Medical Capital Corp. v MRI Global Imaging, Inc., 27 AD3d 427, 428 [2d Dept 2006]).
We reject plaintiffs' contention, which is raised as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), that the Rules of Professional Conduct (22 NYCRR 1200.0) Rule 1.7 preclude Rupp Baase from representing defendants. Even assuming, arguendo, that Rupp Baase's alleged representation of the Trustee was ongoing at the time it sought to represent defendants, we conclude that Rupp Baase's representation of defendants will not "involve [Rupp Baase] in representing differing interests," and will not create "a significant risk that [Rupp Baase's] professional judgment on behalf of a client will be adversely affected by [its] own financial, business, property or other personal interests" (Rules of Professional Conduct [22 NYCRR 1200.0] Rule 1.7 [a] [1], [2]).
All concur except Curran, J., who concurs in the result in the following memorandum: I concur in the result reached by my colleagues, but respectfully disagree with the analysis they apply to reach that result. Although the majority responds to the course charted largely by the parties, in my view, doing so requires us to improperly decide a nonjusticiable issue—namely whether there is a conflict of interest between nonparty Paul Ertel—who is one of plaintiffs' members and trustees—and defendants' counsel, Rupp Baase Pfalzgraf Cunningham, LLC (Rupp Baase).
That part of plaintiffs' motion seeking to disqualify Rupp Baase from representing defendants in this action is based on the premise that Ertel, a nonparty to this litigation, was at [*3]the time of the proposed representation a prior client of Rupp Baase. "[A] fundamental principle of our jurisprudence [is] that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" and that courts are forbidden from deciding "academic, hypothetical, moot, or otherwise abstract questions" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 938 [2d Dept 2018]).
In my view, because Ertel is a nonparty to this litigation, his purported conflict with Rupp Baase cannot be in controversy here, and therefore the courts have no power to address that conflict via plaintiffs' disqualification motion. It is well settled that courts generally do not have the power to decide matters "[w]hen a determination would have no practical effect on the parties" (Berger, 166 AD3d at 938; see also Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). Simply put, here, the parties improperly request that we make a decision "that will affect persons not parties to this action"—i.e., Ertel—which, I submit, we cannot do (Boehm v Dillon, 195 AD2d 1080, 1080 [4th Dept 1993]; see generally Wood v Squires, 60 NY 191, 193 [1875]; Johnson v Flynn, 248 App Div 649, 650 [3d Dept 1936]; Security Trust Co. of Rochester v Campbell, 184 App Div 961, 961 [4th Dept 1918]). Absent evidence that Rupp Baase ever represented plaintiffs, there is nothing to establish that its representation of defendants would cause "actual prejudice or a substantial risk thereof" to plaintiffs (Christensen v Christensen [appeal No. 1], 55 AD3d 1453, 1455 [4th Dept 2008]).
It is irrelevant whether plaintiffs have standing to assert a particular contention on behalf of Ertel or whether that contention was preserved. It is my position that courts simply are without the power to answer the abstract question whether Rupp Baase has a conflict of interest due to representing a nonparty. In doing so here, I am concerned that the majority is creating the impression that courts can address disqualification motions made by a corporate party based on purported conflicts of interest between law firms representing an opposing party and any representative of the corporate party, no matter how tangentially related to the subject of the litigation, and without requiring a showing that the corporate party has sustained actual prejudice or a substantial risk thereof as a result of the purported conflict. Here, plaintiffs have not made any such showing.
To the extent that plaintiffs argue that they and Ertel are the same "person" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.0 [n]) and therefore the same client of Rupp Baase, I conclude that plaintiffs did not meet their "burden of making a clear showing that disqualification is warranted' " (Lake v Kaleida Health, 60 AD3d 1469, 1470 [4th Dept 2009]). Plaintiffs did not submit any evidence supporting their argument that they and Ertel are one and the same for purposes of disqualifying Rupp Baase based on a conflict of interest. Consequently, I would reverse the order insofar as appealed from and dismiss that part of plaintiffs' motion seeking disqualification of Rupp Baase as academic.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court