■ TOWN OF NASSAU, Appellant-Respondent, v PHOENIX ASSURANCE COMPANY OF NEW YORK, Respondent-Appellant.—Appeals (1) from an order of the Supreme Court at Special Term, entered April 15, 1976 in Rensselaer County, which struck certain of plaintiff's interrogatories and, (2) from an order of the Supreme Court at Special Term, entered August 5, 1976 in Rensselaer County, which directed defendant to serve further answers to certain of plaintiff's interrogatories. The underlying action is one predicated on defendant's alleged bad faith in failing to settle within the policy limits the personal injury action of one Cook brought against plaintiff. We are here concerned with the propriety of interrogatories served on defendant by

plaintiff. Defendant moved to strike certain of the interrogatories and Special Term granted the motion. Thereafter, plaintiff moved to have defendant more fully answer certain of the interrogatories not stricken. Special Term granted the motion. Each party appealed from the ruling adverse to it. The verdict in question exceeded the policy limit of $100,000 by some $26,000 and after appeals plaintiff was obligated to pay approximately $48,500, which is the sum it now seeks to recover. By statute, a full disclosure of all evidence material and necessary in the prosecution or defense of an action is required (CPLR 3101). The determination of what is material and necessary to plaintiff's cause of action requires an examination of plaintiff's complaint, together with the general principles of law governing this type of action. At present there does not appear to be a definite standard of good faith in settlement negotiations by a carrier *(Town of Poland v Transamerica Ins. Co.,* 53 AD2d 140, and cases cited therein). Despite the present uncertainty of the decisional law we are of the view, following an examination of the record, that the interrogatories seeking the following information should not have been stricken; the identities of each person answering an interrogatory (CPLR 3134); information regarding the reserve established by defendant but not the reason for a reserve of less than $50,000 *(Groben v Travelers Ind. Co.,* 49 Misc 2d 14); information regarding communications between defendant and the attorneys concerning the Cook action (see *Kulack v Nationwide Mut. Ins. Co.,* 40 NY2d 140); and information relating to the existence and location of reports written by the attorneys retained by defendant concerning the trial in the Cook action (see *Kulack v Nationwide Mut. Ins. Co., supra).* Of those remaining, the interrogatories seeking the following information were properly stricken as the information sought is irrelevant; information respecting claims settled by defendant during the last five years and prior claims of bad faith since plaintiff's cause of action is not concerned with the bad faith practices and policies of the defendant in general but with one particular case; information concerning previous relationships between defendant and the defense attorneys in the Cook action; information as to why defendant failed to notify plaintiff of settlement offers (see *Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471); information concerning defendant's feelings regarding certain aspects of the Cook action; and information pertaining to defendant's opinions about the competency of the defense attorneys in the Cook action. The interrogatory concerning certain provisions of the insurance policy in question as well as that which sought summaries of the evidence pertaining to the merits of the Cook action and the merits of the defense were both properly stricken as such information was readily available to plaintiff. The striking of the interrogatory seeking disclosure of all information previously withheld from plaintiff was proper since such interrogatory is overly broad. The remainder are argumentative in nature and deserve no further comment by us. As to the order entered August 5, 1976, we are unable to say that Special Term abused its discretion in directing defendant to make more complete responses to some of the interrogatories. That order, therefore, should be affirmed. Order entered August 5, 1976, directing further disclosure, affirmed, without costs, and order entered April 15, 1976 modified, on the law and the facts, by deleting therefrom so much as directs that interrogatories numbered I, VII (a) and (b), XXXVI (e–h), and XXXXIV be stricken, and, as so modified, affirmed, without costs. Koreman, P. J. Sweeney, Kane, Mahoney and Larkin, JJ., concur.