■ AMERICAN RELIANCE INSURANCE COMPANY, Formerly Known as FARMERS' RELIANCE INSURANCE COMPANY OF NEW JERSEY, Appellant, v NATIONAL GENERAL INSURANCE COMPANY et al., Respondents.—In an action, *inter alia,* to recover damages for the bad-faith failure to settle a personal injury lawsuit within the limits of a policy of insurance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Joy, J.), dated March 21, 1988, as granted the defendants' motion to compel an oral deposition pursuant to CPLR 3101.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs; and it is further,

Ordered that the deposition shall be conducted upon written notice of not less than 10 days to be given by the defendants to the plaintiff, or at such time as the parties may agree.

The plaintiff, the issuer of an excess insurance policy, commenced this action against the primary insurer and its attorney, upon the theory that they did not exercise good faith in the negotiation and settlement of the underlying tort claim. The plaintiff specifically alleged, in its bill of particulars, that the defendants refused to cooperate with the plaintiff's attorney by failing to provide counsel with information which was necessary to properly evaluate the tort action.

We find, as did the Supreme Court, that the defendants are entitled to depose the attorney who represented the plaintiff in connection with the negotiation and settlement of the lawsuit upon which this action is based, since the plaintiff has affirmatively placed in issue its attorney's knowledge of facts or communications which might tend to prove bad faith on the part of the defendants *(see, Slabakis v Drizin,* 107 AD2d 45; *Matter of Civil Serv. Employees Assn. v Ontario County Health Facility,* 103 AD2d 1000; *Glen 4912 Corp. v Strauss,* 44 AD2d 582).

We note, moreover, that the plaintiff's efforts to shield itself from disclosure of relevant information under the guise of the attorney-client privilege is unavailing *(see, Zurich Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 137 AD2d 401; *Town of Nassau v Phoenix Assur. Co.,* 57 AD2d 992; *Groben v Travelers Indem. Co.,* 49 Misc 2d 14, *affd* 28 AD2d 650; *Colbert v Home Indem. Co.,* 45 Misc 2d 1093, *affd* 24 AD2d 1080).

We have examined the plaintiff's remaining contention and

find it to be without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.