■ KYLE CRAWFORD, an Infant, by His Mother and Natural Guardian, ROMAINE CRAWFORD, Plaintiff, v HOSPITAL OF ALBERT EINSTEIN COLLEGE OF MEDICINE et al., Defendants and Third-Party Plaintiffs. YESHIVA UNIVERSITY, Third-Party Defendant and Fourth-Party Plaintiff-Appellant; ARGONAUT INSURANCE COMPANY, Fourth-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered June 29, 1989, which, *inter alia,* denied the fourth-party plaintiff's motion for summary judgment (CPLR 3212) on the cause of action alleging that the fourth-party defendant breached a contractual obligation of good faith pursuant to a liability insurance policy, and which granted fourth-party defendant's cross motion to disqualify fourth-party plaintiff's counsel, is unanimously affirmed, without costs.

In 1982, plaintiff commenced a medical malpractice action against Dr. Irwin Kaiser, Dr. Samuel Oberlander and the Hospital of Albert Einstein College of Medicine (the Hospital). As Dr. Kaiser was a full-time member of Yeshiva University's faculty, Dr. Kaiser was covered by Yeshiva's insurance policy. Accordingly, Argonaut Insurance Company (Argonaut) agreed to provide a defense for Dr. Kaiser under the policy.

In 1983, Argonaut studied various settlement proposals designed to fit the $1 million coverage that Argonaut believed to be available to Dr. Kaiser. In January 1984, on the advice of Yeshiva, Dr. Kaiser refused to authorize a settlement.

In August 1986, changing its position, Yeshiva requested Argonaut to settle the case against Dr. Kaiser. Yeshiva took the position that Dr. Kaiser and Yeshiva *each* had $1 million worth of coverage. Thereafter, the Hospital commenced a third-party action against Yeshiva for contribution and Yeshiva commenced a fourth-party action against Argonaut, seeking a declaratory judgment that Argonaut's liability limits in the case were $2 million and alleging bad faith.

On December 18, 1986, the Supreme Court ruled, and we

later affirmed [133 AD2d 1021], that Argonaut was obligated to provide indemnity for Dr. Kaiser and Yeshiva up to a limit of $1 million each.

The malpractice action and the third-party actions resulted in a $5,200,000 verdict in favor of the plaintiff. The Hospital was found to be 20% liable and Dr. Kaiser 80% liable. A directed verdict was subsequently issued against Yeshiva for contribution.

Settlement negotiations continued but failed. Ultimately, Argonaut paid out $2 million, plus interest. Yeshiva paid an additional $400,000 to plaintiff.

On May 4, 1989, Yeshiva moved for summary judgment on its bad-faith claim against Argonaut. No discovery had yet taken place in this action. The motion was supported by an affidavit from Yeshiva's attorney during the malpractice litigation. Argonaut cross-moved to disqualify Yeshiva's attorney and his law firm in this bad-faith action since the attorney "ought to be called as a witness" in this action.

The Trial Justice denied Yeshiva's motion for summary judgment since there existed triable issues of fact and granted Argonaut's cross motion to disqualify Yeshiva's attorney and his law firm in this action.

Establishing the liability of an insurance company in excess of its policy limits for bad faith "requires an extraordinary showing of a disingenuous or dishonest failure to carry out a contract." (Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427, 437.) In light of this strict standard as well as the burden imposed upon the proponent of a summary judgment motion, Yeshiva's proffered evidence fails to sufficiently demonstrate Argonaut's bad-faith dealings. (See, e.g., Town of Poland v Transamerica Ins. Co., 53 AD2d 140.) Indeed, Yeshiva's attorney's affidavits and letters are opposed by Argonaut's attorney's affidavits. In addition, discovery has not yet taken place. Evidence obtained through discovery may very well shed light on Argonaut's contention that Yeshiva actively manufactured a record of bad faith against Argonaut. Accordingly, these real controversies raise many triable issues of fact which warrant a denial of the summary judgment motion.

While Yeshiva urges that its counsel should not have been disqualified, the record reveals that Yeshiva's attorney is an essential witness in this bad-faith action and " 'ought to be called as a witness' " on behalf of Yeshiva. (Zweig v Safeco Ins. Co., 125 AD2d 205, 207.) Accordingly, the Trial Justice did not abuse her discretion in disqualifying Yeshiva's attorney

and his law firm. *(Supra; see, Government of India v Cook Indus.,* 569 F2d 737, 740 [2d Cir 1978].)

We have considered Yeshiva's other claims and find them to be unpersuasive. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.