FRANCESCO ZAGARI, Appellant, v MARY ZAGARI, Respondent. [744 NYS2d 104] —Appeal from that part of an order of Supreme Court, Monroe County (Lunn, J.), entered October 17, 2001, that denied plaintiff's motion to disqualify the law firm of Biernbaum, Inclima & Meyer, LLP, from representing defendant.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs and the motion is granted.

Memorandum: Supreme Court erred in denying plaintiff's motion to disqualify the law firm representing defendant in this matrimonial action. Plaintiff met his burden of demonstrating that at least one member of the law firm representing defendant ought to be called as a witness on behalf of defendant with respect to her counterclaim seeking to set aside an equitable distribution agreement (agreement) that was executed in 1992 (*see* Code of Professional Responsibility DR 5-102 [c] [22 NYCRR 1200.21 (c)]; *Clifford v Montana Mills Bread Co.* [appeal No. 1], 275 AD2d 909; *Chang v Chang*, 190 AD2d 311, 318-319). In her counterclaim, defendant alleges that the agreement was the product of fraud, that she entered into the agreement under duress, and that the agreement is unconscionable. In support of his motion, plaintiff submitted evidence in the form of a letter from defendant's present attorney to defendant stating that, consistent with the advice he had given her during a conference eight days earlier, he was advising her that the agreement would be detrimental to her and strongly recommended that she not sign it. In addition, the attorney alluded to defendant's mental state at that time. Because defendant's attorney was "an active participant in a disputed transaction and has personal knowledge of the underlying circumstances, he ought to be called as a witness on behalf of his client and it is improper for him to continue his representation" (*Chang*, 190 AD2d at 318; *see also Johnson, Mullan & Brundage v Folkman*, 294 AD2d 857). Any doubt

concerning the necessity for the attorney's testimony should be resolved in favor of disqualification (*see Matter of Stober v Gaba & Stober,* 259 AD2d 554, 555; *108th St. Owners Corp. v Overseas Commodities,* 238 AD2d 324, 326).

All concur except Hayes and Scudder, JJ., who dissent and vote to affirm in the following memorandum.

Hayes and Scudder, JJ. (dissenting). We respectfully dissent. Disqualification of an attorney or a law firm "may be required only when it is likely that the testimony to be given by the witness is necessary" (*S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.,* 69 NY2d 437, 445-446). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (*id.* at 446; *see Burdett Radiology Consultants v Samaritan Hosp.,* 158 AD2d 132, 134-135). In addition, even if the attorney may be called to testify by the opposing side as a witness on a significant issue, withdrawal is required only if it is apparent that the testimony would be prejudicial to the client (*see Broadwhite Assoc. v Truong,* 237 AD2d 162, 163; *Martinez v Suozzi,* 186 AD2d 378, 379).

Here, Supreme Court did not abuse its discretion in denying plaintiff's motion to disqualify the law firm representing defendant (*see generally Olmoz v Town of Fishkill,* 258 AD2d 447, 447). Although plaintiff established that the testimony of defendant's attorney would be relevant, he failed to meet his burden of establishing that the testimony of defendant's attorney would be necessary (*see Eisenstadt v Eisenstadt,* 282 AD2d 570; *McElroy v Kitchen,* 254 AD2d 828). Defendant is available to testify on the issue whether she was represented by counsel when she signed the agreement, and she can testify concerning her mental capacity when she signed the agreement. Furthermore, plaintiff failed to establish that the testimony of defendant's attorney would be prejudicial to defendant (*see McElroy,* 254 AD2d 828). Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.