■ DALE LAKE et al., Respondents, v KALEIDA HEALTH, Doing Business as MILLARD FILLMORE GATES HOSPITAL, et al., Appellants, et al., Defendants. [876 NYS2d 800]—

Appeal from an order of the Supreme Court, Erie County

(Diane Y. Devlin, J.), entered May 14, 2008 in a medical malpractice action. The order granted the motion of plaintiffs and directed Gibson, McAskill & Crosby, LLP to withdraw as counsel for defendants Kaleida Health, doing business as Millard Fillmore Gates Hospital, and Kathryn Felice, R.N.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court abused its discretion in granting plaintiffs' motion seeking to disqualify Gibson, McAskill & Crosby, LLP from representing defendants-appellants (hereafter, defendants) based on an alleged conflict of interest. Even assuming, arguendo, that plaintiffs have standing to bring the motion (*see generally Maxon v Woods Oviatt Gilman LLP*, 45 AD3d 1376 [2007]), we conclude that they failed to meet their burden of making "a clear showing that disqualification is warranted" (*Olmoz v Town of Fishkill*, 258 AD2d 447, 447 [1999]; *see generally S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445 [1987]). Moreover, the motion should have been denied on the ground that plaintiffs were aware or should have been aware of the facts underlying the alleged conflict of interest for more than two years before bringing the motion, and "to allow disqualification at this advanced stage of [the] litigation would severely prejudice defendant[s]" (*McDade v McDade*, 240 AD2d 1010, 1011 [1997]). Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.