# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1254**
**CA 10-01997**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

DREW A. JOZEFIK, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

JOANNE C. JOZEFIK, DEFENDANT-RESPONDENT.

---

MELVIN BRESSLER, ROCHESTER, FOR PLAINTIFF-APPELLANT.

HARRIS, CHESWORTH, O'BRIEN, JOHNSTONE & WELCH, LLP, ROCHESTER (LETTY
L. LASKOWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John
M. Owens, J.), entered November 19, 2009 in a divorce action.  The
judgment, inter alia, awarded maintenance, child support and
attorney's fees to defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  On appeal from a judgment of divorce that, inter
alia, awarded maintenance, child support and attorney's fees to
defendant, plaintiff contends that he was deprived of his right to
counsel of his own choosing when Supreme Court disqualified his
attorney based upon an alleged conflict of interest.  We reject that
contention.  Although "[a] party's entitlement to be represented by
counsel of his or her choice is a valued right which should not be
abridged absent a clear showing that disqualification is warranted"
(*Falk v Gallo*, 73 AD3d 685, 685-686), "[t]he right to counsel of
choice is not absolute and may be overridden where necessary" (*S & S
Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443;
*see Parnes v Parnes*, 80 AD3d 948, 952; *see generally Greene v Greene*,
47 NY2d 447, 453).  The decision to disqualify an attorney lies within
the sound discretion of the trial court (*see Falk*, 73 AD3d at 685;
*Horn v Municipal Info. Servs.*, 282 AD2d 712; *Bison Plumbing City v
Benderson*, 281 AD2d 955).

We conclude that the court did not abuse its sound discretion in
disqualifying plaintiff's attorney, based on rule 3.7 of the Rules of
Professional Conduct (22 NYCRR 1200.0).  Rule 3.7 (a) provides that
"[a] lawyer shall not act as advocate before a tribunal in a matter in
which the lawyer is likely to be a witness on a significant issue of
fact," with certain exceptions not relevant here.  Although not
binding upon the courts, the advocate-witness rule "provide[s]
guidance . . . for the courts in determining whether a party's

attorney should be disqualified during litigation" (*Falk*, 73 AD3d at 686; *see S & S Hotel Ventures Ltd. Partnership*, 69 NY2d at 443-445). The record in this case establishes that it was likely that plaintiff's original trial attorney would be a witness on a significant issue of fact. During the first trial in this action, plaintiff testified that he requested and/or facilitated the transfer of an amount of wages ranging from $15,000 to $17,000 from his employer to his attorney's business account, and it appears from the record that the transfer was in violation of an order appointing a receiver to receive plaintiff's income. Plaintiff's attorney transferred some of the funds to plaintiff and remitted the remaining funds to plaintiff's accountant, again in apparent violation of the above-referenced order. When the court questioned plaintiff's attorney on the record about that testimony, the attorney replied that he was "taking the Fifth." The court thereupon declared a mistrial and discharged plaintiff's attorney, reasoning that a conflict of interest had developed because the attorney was "likely to be called upon as a witness in this proceeding and may become a witness in another tribunal." Thus, the record indeed establishes that plaintiff's attorney was likely to be a witness on a significant issue of fact in violation of rule 3.7 of the Rules of Professional Conduct, namely, the issue whether plaintiff violated the court's order appointing a receiver and, in so doing, diverted or otherwise obscured his income. As plaintiff conceded in correspondence to the court, his attorney "continually told [him], and apparently [his] wife's attorney did not disagree, that the only issues were the amount of child support and the amount and duration of maintenance." Thus, the extent of plaintiff's income was a significant issue of fact throughout the litigation. Notably, the record reflects that plaintiff's attorney was subpoenaed to turn over documents and to testify at trial against plaintiff. Although it appears that plaintiff's attorney did not in fact testify at the second trial, the express language of rule 3.7 provides only that it is "likely" that the attorney will be called as a witness, and we conclude on this record that it was in fact likely.

We reject plaintiff's further contention that the court erred in failing to make a "searching inquiry . . . to ascertain whether [plaintiff] understood the dangers and disadvantages of self-representation" (*Matter of Kristin R.H. v Robert E.H.*, 48 AD3d 1278, 1279). No such searching inquiry was required inasmuch as there is no right to counsel in a divorce action (*see Matter of Smiley*, 36 NY2d 433), and the court was not obligated to elicit a waiver of such right by way of a searching inquiry before permitting plaintiff to proceed pro se (*see McCaffrey v McCaffrey*, 69 AD3d 585; *cf. Kristin R.H.*, 48 AD3d at 1279). In any event, we note that plaintiff was afforded ample opportunity to secure substitute counsel, yet he either failed or refused to do so.

Entered:  November 10, 2011                          Patricia L. Morgan
                                                     Clerk of the Court