■ KAREN VANNOSTRAND, as Subrogee of Mario Froehlich, et al., Appellants-Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent-Appellant. [6 NYS3d 621]—

In an action to recover damages for the bad faith refusal to settle a personal injury claim, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered June 3, 2013, as denied that branch of their motion which was for a protective order quashing so much of a subpoena served upon the plaintiffs' attorney by the defendant as sought testimony from the plaintiffs' attorney, in effect, denied, as premature, that branch of their motion which was for summary judgment on the complaint insofar as asserted by the plaintiff Karen VanNostrand, with leave to renew within 45 days, and granted that branch of the defendant's motion which was to disqualify the plaintiffs' attorney from representing the plaintiffs in this action, and the defendant cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as granted that branch of the plaintiffs' motion which was for a protective order quashing so much of the subpoena served upon the plaintiffs' attorney as sought the production of documents, with leave to the defendant to renew its request for the production of the documents, if appropriate, after testimony is given pursuant to the subpoena.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

Karen VanNostrand commenced an action (hereinafter the underlying action) against Mario Froehlich, among others, to recover damages for personal injuries arising from an automobile accident. VanNostrand ultimately obtained a judgment against Froehlich in the principal sum of $300,000, an award that was greater than the $100,000 bodily injury limit of Froehlich's liability insurance policy with New York Central Mutual Fire Insurance Company (hereinafter NYCM). Subsequently, Froehlich assigned to VanNostrand any "bad faith" claim that he may have against NYCM relating to the underlying action. VanNostrand, as subrogee of the rights of Froehlich, and Froehlich, individually, later commenced this action against NYCM, alleging that NYCM had, in bad faith, refused to settle the underlying action within the policy limit (*see Smith v General Acc. Ins. Co.*, 91 NY2d 648, 652-653 [1998]).

The Supreme Court providently exercised its discretion in granting that branch of NYCM's motion which was to disqualify the plaintiffs' attorney from representing the plaintiffs in this action on the ground that the plaintiffs' attorney, who repre-

sented VanNostrand in the underlying action, is an essential witness in this action and ought to be called as a witness (see *Korfmann v Kemper Natl. Ins. Co.*, 258 AD2d 508 [1999]; *Crawford v Hospital of Albert Einstein Coll. of Medicine*, 159 AD2d 304, 305-306 [1990]; *Zweig v Safeco Ins. Co. of Am.*, 125 AD2d 205, 206-207 [1986]). For the same reason, the Supreme Court properly denied that branch of the plaintiffs' motion which was for a protective order quashing so much of a subpoena served upon the plaintiffs' attorney by NYCM as sought testimony from the plaintiffs' attorney (see *American Reliance Ins. Co. v National Gen. Ins. Co.*, 149 AD2d 554 [1989]). However, contrary to NYCM's contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was for a protective order quashing so much of the subpoena as sought the production of documents, while granting NYCM leave to renew its request for the production of documents, if appropriate, after testimony is given pursuant to the subpoena (see *American Reliance Ins. Co. v National Gen. Ins. Co.*, 174 AD2d 591, 592 [1991]). Finally, the Supreme Court properly, in effect, denied, as premature, that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted by VanNostrand, with leave to renew within 45 days, on the ground that the plaintiffs' attorney had not yet given deposition testimony (see CPLR 3212 [f]; *Worley v Safemove Rental*, 120 AD3d 667, 667-668 [2014]). Leventhal, J.P., Hall, Cohen and Maltese, JJ., concur.