■ NY Kids Club 125 5th Avenue, LLC, Appellant, v Three Kings, LLC, Respondent. [19 NYS3d 74]—

In an action, inter alia, for a judgment declaring that the defendant's notice to cure is invalid, the plaintiff appeals (1), as limited by its brief, from so much of an order of the same court dated January 8, 2014, as denied those branches of its motion which were to disqualify Derek Wolman, Davidoff Hutcher & Citron, LLP, Candace C. Carponter, and Candace C. Carponter, P.C., from representing the defendant in this action, and (2) an order of the Supreme Court, Kings County (Bayne, J.), dated March 5, 2014, which denied its motion for summary judgment on the complaint and dismissing the defendant's counterclaims.

Ordered that the order dated January 8, 2014, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was to disqualify Derek Wolman from representing the defendant in this action, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated January 8, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 5, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's counterclaims. The plaintiff failed to establish, prima facie, that the defendant's notice to cure is invalid, since the notice to cure, on its face, was sufficient to advise the plaintiff of its purported violations of the subject lease, the conduct required for compliance, the time allowed for compliance, and the consequences of failing to comply with the notice to cure (see ShopRite Supermarkets, Inc. v Yonkers Plaza Shopping, LLC, 29 AD3d 564, 566 [2006]; Matter of One Main v Le K Rest. Corp., 1 AD3d 365, 366 [2003]; King Party Ctr. of Pitkin Ave. v Minco Realty, 286 AD2d 373, 375 [2001]; cf. Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980]).

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to disqualify Derek Wolman from representing the defendant in

this action, since Wolman's testimony will be necessary regarding "a significant issue of fact" in the dealings between the plaintiff and the defendant (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; *see Fuller v Collins*, 114 AD3d 827, 830 [2014]; *Friia v Palumbo*, 89 AD3d 896, 896-897 [2011]; *Falk v Gallo*, 73 AD3d 685 [2010]; *Roche v Claverack Coop. Ins. Co.*, 59 AD3d 914, 919 [2009]; *cf. DeSilva v Plot Realty, LLC*, 85 AD3d 422 [2011]). Contrary to the defendant's contention, the fact that Wolman's testimony is necessary to and will support the defendant's case does not preclude application of the advocate-witness rule (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7; *Roche v Claverack Coop. Ins. Co.*, 59 AD3d 914, 919 [2009]; *Skiff-Murray v Murray*, 3 AD3d 610, 611 [2004]; *Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 76 [2002]).

However, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were to disqualify Davidoff Hutcher & Citron, LLP, (hereinafter DHC), Candace C. Carponter, and Candace C. Carponter, P.C., from representing the defendant in this action. Wolman is a member of DHC, and Candace C. Carponter and her P.C. appeared as "of counsel" to DHC. Under rule 3.7 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0), which are not binding authority and provide guidance only (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 440 [1987]), "[a] lawyer may not act as [an] advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." Here, the plaintiff did not argue that Wolman's testimony would be prejudicial to the defendant. Rather, the plaintiff argued that Wolman's testimony would support the defendant's case. Thus, the plaintiff failed to establish any basis for disqualifying DHC, Carponter, or Carponter's P.C. They can continue to represent the defendant despite the fact that Wolman, their colleague, is a necessary witness (*see* rule 3.7 [b] [1]; *Matter of Bodkin*, 128 AD3d 1526, 1527 [2015]; *Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 76 [2002]; *Martinez v Suozzi*, 186 AD2d 378, 379 [1992]). Mastro, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.