OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that plaintiff’s “cross-cross motion” is granted only to the extent of disqualifying attorney Manmohan K. Bakshi, individually, from representing defendant; as so modified, the order is affirmed, without costs.
Plaintiff commenced this action to recover monies allegedly due under a contract to provide architectural and engineering services to defendant in connection with a project to build a retail building in Merrick, New York (the project), and to recover the value of pictures and renderings it had created for the project which, it claims, defendant used without authorization to do so. Defendant denied liability and asserted three counterclaims, including a claim that by reason of plaintiff’s incompetence and negligence the project had been significantly delayed and defendant’s costs had increased. Plaintiff moved, in part, to dismiss defendant’s counterclaims. Defendant opposed that motion and cross-moved for, among other things, summary judgment on its counterclaims and dismissing the complaint. Plaintiff responded to that motion in part with a “cross-cross motion” to, among other things, disqualify defendant’s attorney, Manmohan K. Bakshi, P.C., from representing defendant in this litigation. By order dated May 23, 2014, insofar as appealed from, the District Court granted plaintiff’s application to disqualify Manmohan K. Bakshi, P.C. from representing defendant.
The Rules of Professional Conduct, codifying the “advocate-witness disqualification rule,” state that “[a] lawyer shall not act as advocate before a tribunal in a matter in which the *52 lawyer is likely to be a witness on a significant issue of fact” (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]), subject to certain exceptions, including among them, where “disqualification of the lawyer would work substantial hardship on the client” (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a] [3]). The advocate-witness disqualification rule is not to be mechanically applied (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 444-445 [1987]), as disqualification of an attorney is a matter which rests within the sound discretion of the trial court (e.g. Lauder v Goldhamer, 122 AD3d 908 [2014]; Trimarco v Data Treasury Corp., 91 AD3d 756 [2012]; Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802 [2007]). Since a party’s right to be represented by counsel of its choosing is a valued right (see Mediaceja v Davidov, 119 AD3d 911 [2014]; Zutler v Drivershield Corp., 15 AD3d 397 [2005]), a party seeking disqualification of an opposing party’s counsel bears the burden of demonstrating that disqualification is warranted (see Halberstam v Halberstam, 122 AD3d 679 [2014]; Aryeh v Aryeh, 14 AD3d 634 [2005]).
In support of its application to disqualify defense counsel, plaintiff’s principal, Thomas Conlon, argued that Manmohan K. Bakshi “ought to be called as a witness,” since he had been an active participant in the transactions underlying this action. The parties have annexed inconsistent versions of the contract to their respective motion papers. The contract annexed to defendant’s papers is between Thomas R. Conlon and defendant. The same contract is annexed to plaintiff’s papers, but the letterhead and the signature line on plaintiff’s version include the handwritten words “Advanced Visual Concepts, Ltd.” Also, on plaintiff’s version, the words “PRES. AVC. LTD.” appear below the signature line for Thomas R. Conlon.
The parties are sharply divided on Mr. Bakshi’s role in the underlying transactions. Whereas defendant claims that it had a contractual relationship with Mr. Conlon, rather than plaintiff, and that Mr. Conlon prepared the parties’ contract, plaintiff contends that Mr. Bakshi prepared the parties’ contract and wrongfully placed Mr. Conlon’s name, rather than plaintiffs, on the contract, and that plaintiff’s name had been added to the contract before the contract was executed. Thus, the preparation, modification and execution of the contract are central issues in this action.
A second issue pertains to delays in the completion of the project. Defendant has counterclaimed for damages arising *53 from the delays, which it claims were plaintiffs fault. Plaintiff has asserted that by Mr. Bakshi’s conduct during the course of planning the project and the process of obtaining permits, he was responsible for at least a portion of the delays.
It is undisputed that Manmohan K. Bakshi, PC. was defendant’s law firm, and that Mr. Bakshi was the individual attorney who represented defendant, throughout this process. Since Mr. Bakshi is the only person, other than plaintiff’s owner, Mr. Conion, and defendant’s managing member, Ms. Bakshi, who has personal knowledge of the disputes underlying this litigation, he is likely to be an essential witness on significant issues of fact (see Falk v Gallo, 73 AD3d 685, 686 [2010]; Kattas v Sherman, 32 AD3d 496 [2006]; see also VanNostrand v New York Cent. Mut. Fire Ins. Co., 127 AD3d 851, 853 [2015]; Korfmann v Kemper Natl. Ins. Co., 258 AD2d 508 [1999]). Nevertheless, Mr. Bakshi asserted that his disqualification would work substantial hardship on his client, in part because defendant’s managing member could readily communicate with Mr. Bakshi in her own language. However, defendant’s managing member, Ms. Bakshi, submitted an affidavit in clear English, in which she stated that Mr. Bakshi had represented defendant in legal matters concerning the project, but did not comment on any hardship defendant would experience by reason of Mr. Bakshi’s disqualification (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a] [3]).
In these circumstances, we conclude that, to the extent that the District Court disqualified Mr. Bakshi, individually, from representing defendant in this litigation, the District Court did not improvidently exercise its discretion.
The District Court’s order, however, disqualified the law firm of Manmohan K. Bakshi, PC. from representing defendant. Since this is not a case where it is apparent that Mr. Bakshi’s testimony will be prejudicial to his client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [b] [1]), or where Mr. Bakshi is barred from representing defendant due to a conflict of interest or a duty to a former client (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.7, 1.9, 3.7 [b] [2]), we conclude that there is no bar to the firm of Manmohan K. Bakshi, P.C.’s continued representation of defendant in this action (see Aloyts v 601 Tenant’s Corp., 84 AD3d 1287 [2011]; Hillcrest Owners v Preferred Mut. Ins. Co., 234 AD2d 269, 270 [1996]).
Accordingly, the order, insofar as appealed from, is modified by providing that plaintiff’s “cross-cross motion” is granted *54 only to the extent of disqualifying attorney Manmohan K. Bakshi, individually, from representing defendant.
Maraño, P.J., Garguilo and Connolly, JJ., concur.