■ ADVANCED CHIMNEY, INC., Respondent, v KIMBERLY A. GRAZIANO et al., Defendants, and TUDOR INSURANCE COMPANY, Appellant. GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of 408 East 73 Street Housing Corporation, Nominal Respondent. [60 NYS3d 210]—

In an action, inter alia, for a judgment declaring that the defendant Tudor Insurance Company is obligated to defend and indemnify the plaintiff herein in an underlying action entitled *Greater N.Y. Mut. Ins. Co. v Advanced Chimney, Inc.*, com-

menced in the Supreme Court, New York County, under index No. 11-111190, the defendant Tudor Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), entered May 30, 2014, as granted those branches of the motion of the nominal defendant, Greater New York Mutual Insurance Company, as subrogee of 408 East 73 Street Housing Corporation, which were to disqualify the law firm of Kaufman Borgeest & Ryan LLP, from further representation of the defendant Tudor Insurance Company in this matter, and to compel the defendant Tudor Insurance Company to produce the claim and investigative file maintained by it and Kaufman Borgeest & Ryan LLP, with respect to the underlying action.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion of the nominal defendant, Greater New York Mutual Insurance Company, as subrogee of 408 East 73 Street Housing Corporation, which was to disqualify Kaufman Borgeest & Ryan LLP, from further representation of the defendant Tudor Insurance Company in this matter, and substituting therefor a provision granting that branch of the motion only to the extent of disqualifying Stephanie Gitnik from representing the defendant Tudor Insurance Company in this matter, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the respondents.

The defendant Tudor Insurance Company (hereinafter Tudor) issued an insurance policy to the plaintiff on February 25, 2011, for the policy period February 24, 2011, through February 24, 2012. Thereafter, the plaintiff was sued by the nominal defendant, Greater New York Mutual Insurance Company, as subrogee of 408 East 73 Street Housing Corporation (hereinafter GNY), seeking to recover the amount paid by GNY to its insured for damages resulting from a fire at 408 East 73rd Street on February 24, 2011, which it alleged was caused by the plaintiff's negligence. After Tudor was notified of the underlying action against the plaintiff, it hired the law firm of Kaufman Borgeest & Ryan, LLP (hereinafter KBR), to investigate GNY's claim, as well as the plaintiff's procurement of insurance with Tudor. Stephanie Gitnik, a member of KBR, conducted the investigation, which included interviews with the plaintiff's representative, Peter Lippis, and with the plaintiff's broker, Kimberly A. Graziano of K.A.G. Insurance Brokerage, Inc. After conducting the investigation, KBR sent a letter to the plaintiff dated January 6, 2012, notifying it that

Tudor was rescinding the policy based on material misrepresentations made by the plaintiff in the procurement of the policy.

The plaintiff then commenced this action seeking, inter alia, a judgment declaring that Tudor is obligated to defend and indemnify it in the underlying action. GNY, who was named as a nominal defendant in this action, moved to compel Tudor to comply with discovery demands, including the production of the investigative file of KBR for the period through and including January 6, 2012, and to disqualify KBR from further representation of Tudor in this matter. The Supreme Court granted GNY's motion. Tudor appeals, contending that the file was not discoverable since it was privileged, and constituted its attorneys' work product, and that the court erred in disqualifying KBR.

CPLR 3101 (a) entitles parties to "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Discovery determinations should be evaluated on a case-by-case basis "with due regard for the strong policy supporting open disclosure" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000]).

"[T]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding [whether to pay or reject a claim] are made in the regular course of its business" (*Landmark Ins. Co. v Beau Rivage Rest.*, 121 AD2d 98, 102 [1986] [citation and internal quotation marks omitted]; *see Melworm v Encompass Indem. Co.*, 112 AD3d 794, 795 [2013]; *Bombard v Amica Mut. Ins. Co.*, 11 AD3d 647, 648 [2004]). Reports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject a claim are not privileged and are discoverable, even when those reports are mixed/multipurpose reports, motivated in part by the potential for litigation with the insured (*see Melworm v Encompass Indem. Co.*, 112 AD3d at 795; *Donohue v Fokas*, 112 AD3d 665, 666-667 [2013]; *Bombard v Amica Mut. Ins. Co.*, 11 AD3d at 648).

Here, the Supreme Court properly compelled disclosure, as the material sought by GNY was prepared by KBR as part of Tudor's investigation into the claim, and was not primarily and predominantly of a legal character (*see Melworm v Encompass Indem. Co.*, 112 AD3d at 795; *Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d 452, 454 [1997]). Nor was the file protected as the work product of KBR (*see Bertalo's Rest. v Exchange Ins. Co.*, 240 AD2d at 454).

The Supreme Court providently exercised its discretion in

disqualifying Stephanie Gitnik, the attorney who conducted the investigation, from further representation of Tudor in this matter since she was likely to be a witness on a significant issue of fact (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7; *VanNostrand v New York Cent. Mut. Fire Ins. Co.*, 127 AD3d 851, 852-853 [2015]; *Fuller v Collins*, 114 AD3d 827, 830 [2014]). However, it improvidently exercised its discretion in disqualifying KBR itself (*see Aloyts v 601 Tenant's Corp.*, 84 AD3d 1287, 1288 [2011]; *Hillcrest Owners v Preferred Mut. Ins. Co.*, 234 AD2d 269, 270 [1996]). Pursuant to rule 3.7 (b) (1) of the Rules of Professional Conduct, "[a] lawyer may not act as [an] advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [b] [1]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446 [1987]; *McElduff v McElduff*, 101 AD3d 832, 833 [2012]; *Falk v Gallo*, 73 AD3d 685, 686 [2010]). Here, there was no showing that Gitnik's testimony may be prejudicial to Tudor's case (*see NY Kids Club 125 5th Ave., LLC v Three Kings, LLC*, 133 AD3d 580, 581 [2015]; *cf. Matter of Stober v Gaba & Stober*, 259 AD2d 554, 554-555 [1999]).

Tudor's remaining contentions are without merit. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.