Hoganwillig, PLLC v Swormville Fire Co., Inc. (2022 NY Slip Op 06331)

Hoganwillig, PLLC v Swormville Fire Co., Inc.

2022 NY Slip Op 06331

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

596 CA 21-00765

[*1]HOGANWILLIG, PLLC, PLAINTIFF-APPELLANT,
v
SWORMVILLE FIRE CO., INC., DEFENDANT-RESPONDENT. 

HOGANWILLIG, PLLC, AMHERST (JEFFREY B. NOVAK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WEBSTER SZANYI LLP, BUFFALO (D. CHARLES ROBERTS, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered April 28, 2021. The order, insofar as appealed from, granted that part of defendant's motion seeking disqualification of HoganWillig, PLLC. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and that part of the motion seeking disqualification of HoganWillig, PLLC is denied.
Memorandum: Plaintiff HoganWillig, PLLC (HoganWillig) appeals from an order that, inter alia, prohibited the law firm from serving as legal counsel for itself in its action against defendant Swormville Fire Co., Inc. (SFC). HoganWillig had represented SFC, a volunteer fire company, in its longstanding litigation against the architectural firm and the contractor involved in the design and construction of SFC's fire station. In the years following commencement of that litigation, the parties twice modified the governing retainer agreements in response to SFC's concerns about its litigation costs. During a meeting between HoganWillig attorneys and SFC representatives held more than eight years into the litigation, HoganWillig's owner (owner) gave SFC an estimate of trial readiness that prompted questions from SFC about HoganWillig's diligence given the amount of time and money already devoted to the litigation. The meeting apparently became acrimonious and, although the parties dispute whether HoganWillig withdrew from representation unilaterally without cause or due to an irretrievable breakdown of the attorney-client relationship induced by SFC, it is undisputed that the owner told SFC that " 'We're done. Go get another law firm.' " A few weeks after the meeting, the owner sent SFC a letter providing an overview of the litigation to date and promising to cooperate with SFC's new counsel. SFC thereafter retained new counsel and settled the litigation less than two years later.
HoganWillig commenced the present action seeking, inter alia, to recover payment for legal services provided to SFC. SFC, as relevant here, answered and interposed counterclaims, including for declarations that the retainer agreements were unenforceable and that HoganWillig forfeited legal fees by unilaterally terminating its representation and abandoning SFC as a client. SFC thereafter moved to disqualify HoganWillig from representing itself in the action. SFC contended that the attorneys who attended the meeting should be disqualified under the advocate-witness rule contained in rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0) because they were likely to be witnesses on a significant issue of fact in the litigation and for other reasons related to their roles in billing and statements about the representation, and that the disqualification of those attorneys required disqualification of the entire law firm as well.
Supreme Court determined that the owner and two other HoganWillig attorneys who attended the meeting could not serve as advocates in a matter in which they would also be witnesses, but that the law firm itself should not be disqualified because the court was not [*2]convinced that the testimony of the disqualified attorneys "will be prejudicial" to HoganWillig. The court further reasoned that, if HoganWillig concluded it was the best strategy to allow other attorneys from the firm to represent it in the action, HoganWillig was entitled to make that decision without judicial interference. The court thus granted the motion in part by disqualifying the aforementioned attorneys but denied the motion with respect to the remainder of the law firm.
SFC moved for leave to reargue its original motion, and the court, upon considering the reargument motion, determined that it had previously misapplied the law because the standard was whether the testimony of the disqualified attorneys "may" be prejudicial to HoganWillig, not whether it "will" be prejudicial. The court thus granted leave to reargue. On reargument, the court determined that SFC met the standard of establishing that prejudice may result and, on that basis alone, concluded that HoganWillig should be disqualified. The court emphasized that it would provide sufficient time for HoganWillig to obtain new counsel. As limited by its brief, HoganWillig contends on appeal that the court erred in granting SFC's reargument motion to the extent that it sought to disqualify the law firm.
Preliminarily, SFC contends that the appeal should be dismissed on the ground that HoganWillig was not permitted to represent itself and yet it filed a notice of appeal in violation of the order appealed from, thereby rendering the notice of appeal null and void. SFC further contends that the court's subsequent order granting HoganWillig permission to represent itself on appeal is not effective nunc pro tunc. We reject those contentions. The notice of appeal was timely filed by HoganWillig on its own behalf before the date by which it was required, under the order appealed from, to substitute new counsel, a deadline that fell beyond the time by which HoganWillig had to take an appeal (see CPLR 5513 [a]) and, in any event, the court's subsequent order granting HoganWillig permission to represent itself on appeal, of which we take judicial notice (see NY St Cts Elec Filing [NYSCEF] Doc No. 145 at 1-2), effectively authorized HoganWillig, nunc pro tunc, to file the notice of appeal (see generally Gradl v Saulpaugh, 268 App Div 787, 787 [2d Dept 1944]).
With respect to the merits, the advocate-witness rule embodied in rule 3.7 of the Rules of Professional Conduct provides, as relevant here, that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless . . . the testimony relates solely to an uncontested issue . . . [or] the testimony relates solely to the nature and value of legal services rendered in the matter" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a] [1], [2]). The rule further contemplates disqualification of a law firm under certain circumstances insofar as "[a] lawyer may not act as advocate before a tribunal in a matter if . . . another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [b] [1]).
Critically, however, "[t]he advocate-witness disqualification rules . . . provide guidance, not binding authority, for courts in determining whether a party's law firm, at its adversary's instance, should be disqualified during litigation" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 440 [1987]). "Courts must, in addition, consider such factors as the party's valued right to choose its own counsel, and the fairness and effect in the particular factual setting of granting disqualification or continuing representation" (id.). Indeed, "[d]isqualification of a law firm during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants" (id. at 443). "Disqualification denies a party's right to representation by the attorney of its choice" (id.). "The right to counsel of choice is not absolute and may be overridden where necessary—for example, to protect a compelling public interest—but it is a valued right and any restrictions must be carefully scrutinized" (id.). "Moreover, [courts] cannot ignore that where the [Rules of Professional Conduct are] invoked not in a disciplinary proceeding to punish a lawyer's own transgression, but in the context of an ongoing lawsuit, disqualification of a [litigant's] law firm can stall and derail the proceedings, redounding to the strategic advantage of one party over another" (id.). In sum, "[c]onsidering all the significant interests to be balanced, it is particularly important that the [Rules of Professional Conduct] not be mechanically applied when disqualification is raised in litigation"; instead, the rules must be employed to provide "guidance for the courts in determining whether a case would be tainted by the participation of an attorney or a firm" (id. at 444-445 [internal quotation marks omitted]).
The party seeking disqualification of a law firm or an attorney bears the "burden of making 'a clear showing that disqualification is warranted' " (Lake v Kaleida Health, 60 AD3d 1469, 1470 [4th Dept 2009]; see S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 445; Jozefik v Jozefik, 89 AD3d 1489, 1490 [4th Dept 2011]), and a trial court's decision to disqualify a law firm or an attorney shall be reviewed on appeal for abuse of discretion (see Jozefik, 89 AD3d at 1490; Lake, 60 AD3d at 1470). In this case, we conclude for the reasons that follow that the court erred in granting that part of SFC's reargument motion with respect to disqualification of HoganWillig.
First, we agree with HoganWillig that SFC failed to establish that "it is apparent that the testimony [of the disqualified attorneys] may be prejudicial to [HoganWillig]" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [b] [1]; see e.g. S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 446; Matter of Bodkin [appeal No. 3], 128 AD3d 1526, 1527 [4th Dept 2015]). "The word 'apparent' means that prejudice to the client must be visible, as opposed to merely speculative, conceivable, or imaginable," i.e., the prejudice "has to be a real possibility, not just a theoretical possibility" (Simon's NY Rules of Prof. Conduct § 3.7:22 [Dec 2021 Update]). Consistent therewith, a movant's "vague and conclusory" assertions are insufficient to establish that an attorney's testimony may be prejudicial to the client (S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 446 [internal quotation marks omitted]).
Here, the record reveals nothing more than a speculative or theoretical possibility that the testimony of the disqualified attorneys may be prejudicial to HoganWillig. The letter and affidavits of the owner are clear that he will testify that HoganWillig engaged in extensive efforts on behalf of SFC during the litigation and will testify that HoganWillig did not, contrary to SFC's allegations, abruptly withdraw without cause, but instead ended its representation only after SFC's actions and relentless criticisms caused an irretrievable breakdown of the attorney-client relationship. SFC's conclusory and speculative suggestion that testimony by the owner about his statement during the meeting may be prejudicial to HoganWillig is insufficient because, in context, the owner's statement shows no more than that HoganWillig ended its representation of SFC, which is already an undisputed fact and consistent with HoganWillig's position that SFC caused the breakdown of the relationship (cf. Hitzig v Borough-Tel Serv., 108 AD2d 677, 678 [1st Dept 1985], appeal dismissed 65 NY2d 784 [1985]; see generally NY Kids Club 125 5th Ave., LLC v Three Kings, LLC, 133 AD3d 580, 581 [2d Dept 2015]). Similarly, as HoganWillig further contends, the owner's statements regarding trial preparation and billings to SFC, considered in the context of the owner's likely overall testimony, only support HoganWillig's position that the underlying litigation was complex and that it made significant efforts to maintain the attorney-client relationship, and thus SFC made no showing that the owner's testimony on those topics may be prejudicial to HoganWillig's case (see Advanced Chimney, Inc. v Graziano, 153 AD3d 478, 481 [2d Dept 2017]; NY Kids Club 125 5th Ave., LLC, 133 AD3d at 581; Bodkin, 128 AD3d at 1527).
Additionally, SFC claimed in support of its motion, and reiterates in its respondent's brief, that the owner and one of the other disqualified attorneys, who were involved in negotiating and drafting the retainer agreements, will provide testimony prejudicial to HoganWillig by establishing that the retainer agreements are unenforceable. Those claims constitute "vague and conclusory" assertions that are insufficient to establish that testimony about the retainer agreements may be prejudicial to HoganWillig (S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 446 [internal quotation marks omitted]; see Cathedral Ct. Assoc., L.P. v Cathedral Props. Corp., 116 AD3d 649, 651 [2d Dept 2014], lv denied in part and dismissed in part 24 NY3d 941 [2014]). Indeed, "aside from conclusory assertions," SFC has provided no basis upon which to conclude that the owner and the other disqualified attorneys are likely to testify that they drafted the retainer agreements in an unenforceable manner (Cathedral Ct. Assoc., L.P., 116 AD3d at 651; cf. Zagari v Zagari, 295 AD2d 891, 891 [4th Dept 2002]).
Consequently, we conclude that "there was no showing [by SFC] that [the disqualified attorneys'] testimony may be prejudicial to [HoganWillig's] case" (Advanced Chimney, Inc., 153 AD3d at 481; see S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 446; NY Kids Club 125 5th Ave., LLC, 133 AD3d at 581; Bodkin, 128 AD3d at 1527; Cathedral Ct. Assoc., L.P., 116 AD3d at 651).
Second, after determining—incorrectly—that SFC had shown that it was apparent that the [*3]testimony of the disqualified attorneys may prejudice HoganWillig, the court "then simply imposed disqualification of the firm as the mandated consequence" of the Rules of Professional Conduct (S & S Hotel Ventures Ltd. Partnership, 69 NY2d at 443). That too was error (see id.).
Here, the court erred in failing to "consider such factors as [HoganWillig's] valued right to choose its own counsel, and the fairness and effect in the particular factual setting of granting disqualification" (id. at 440). "Disqualification denies a party's right to representation by the attorney of its choice," and we conclude under the circumstances of this case that depriving HoganWillig of its right to represent itself in the present action is particularly unwarranted given that counsel and client are one and the same (id. at 443). As the court properly determined when it first considered the original motion, whether HoganWillig thinks it is desirable, despite the disqualification of three of its attorneys, to continue representing itself is a strategic decision that should be left to HoganWillig. If the representation proves difficult, HoganWillig's decision will have hurt only its own interests rather than those of a separate client that the ethical rule is designed in part to protect (see id. at 444). Additionally, we agree with HoganWillig that its disqualification from representing itself, thereby requiring it to retain outside counsel that would have to wade through the complicated and lengthy attorney-client relationship and billing issues, will further "stall and derail the proceedings, redounding to the strategic advantage of [SFC]" (id. at 443). Considering all of the circumstances, SFC has failed to establish any "taint or unfairness" in allowing HoganWillig to continue representing itself in this action (id. at 445).
Based on the foregoing, we conclude that SFC "failed to meet [its] burden of making 'a clear showing that disqualification is warranted,' " and thus the court abused its discretion in granting that part of SFC's reargument motion seeking disqualification of HoganWillig (Lake, 60 AD3d at 1470). In light of our determination, we do not address HoganWillig's remaining contention.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court