Broton v County of Onondaga (2024 NY Slip Op 04662)

Broton v County of Onondaga

2024 NY Slip Op 04662

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

568 CA 24-00283

[*1]SHAWN BROTON, PLAINTIFF-RESPONDENT,
v
COUNTY OF ONONDAGA, ET AL., DEFENDANTS, AND STEVEN WILLIAMS, INDIVIDUALLY AND IN HIS CAPACITY AS INVESTIGATIVE CONSULTANT TO ONONDAGA COUNTY BOARD OF ETHICS, DEFENDANT-APPELLANT. 

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BOUSQUET HOLSTEIN PLLC, SYRACUSE (GARY J. LAVINE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered February 8, 2024. The order denied the motion of defendant Steven Williams to disqualify counsel for plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Steven Williams (defendant), individually and in his capacity as investigative consultant to Onondaga County Board of Ethics, appeals from an order denying his motion to disqualify plaintiff's attorneys from further representation of plaintiff in this action. Defendant sought to disqualify plaintiff's attorneys on the ground that they were interested witnesses whose testimony would be necessary and relevant to the action. We conclude that defendant failed to meet his "burden of making 'a clear showing that disqualification is warranted' " (Lake v Kaleida Health, 60 AD3d 1469, 1470 [4th Dept 2009]; see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445 [1987]), and Supreme Court thus did not abuse its discretion in denying the motion (see generally HoganWillig, PLLC v Swormville Fire Co., Inc., 210 AD3d 1369, 1372-1373 [4th Dept 2022]).
We have considered defendant's remaining contention and conclude
that it does not warrant modification or reversal of the order.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court